**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| Loconto ADR<br>Plaintiff,<br><br>v.<br>VHS Acquisition No 7.<br>d/b/a St. Vincent Hospital<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-40230<br><br>(Removed from Worcester District Court<br>Case No. 2662CV1257) |

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, VHS Acquisition No. 7 d/b/a St. Vincent Hospital, ("St. Vincent")[1], by and through its undersigned attorneys, pursuant to 28 U.S.C. §§ 1331 and 1446, hereby removes this action, based on federal question jurisdiction, from the Commonwealth of Massachusetts Trial Court, District Court Department, Worcester Division, to the United States District Court for the District of Massachusetts, and in support of such removal states:

1. Plaintiff Loconto ADR commenced a civil action against St. Vincent on August 10, 2026, in the Commonwealth of Massachusetts Trial Court, District Court Department, Worcester Division, titled *Loconto ADR v. St. Vincent Hospital*, Case No. 2662CV1257, Case No. 2473-cv-00719 (the "State Court Action") alleging claims of breach of contract and unjust enrichment.

2. In his Complaint, a true and correct copy of which is attached hereto at **Exhibit A**, Plaintiff brings breach of contract and unjust enrichment claims against St. Vincent for failing to compensate it for "Alternative Dispute Resolution Services" performed under an "agreement."

[1] Plaintiff filed the State Court Action against "St. Vincent Hospital" - which is not the formal name of Defendant.

3. The "Alternative Dispute Resolution Services" Plaintiff provided, however, stem solely from Plaintiff's participation as an arbitrator in an underlying arbitration proceeding arising out of the grievance and arbitration procedures contained in the collective bargaining agreement (CBA) between St. Vincent and the Massachusetts Nurses Association ("MNA").

4. Because Plaintiff brings contract and quasi-contractual claims against St. Vincent for the payment for services associated with Alternative Dispute Resolution Services performed under the terms of the CBA between St. Vincent and MNA (the "Parties"), its claims raise federal questions and/or are preempted by Section 301 of the Labor Management Relations Act ("LMRA").

5. Section 301 of the LMRA governs suits involving the "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . ." 29 U.S.C. § 185(a).

6. The Supreme Court has concluded that § 301 contains a mandate that federal courts fashion a body of federal common law governing issues pertaining to "the enforcement collective bargaining agreements." *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 97 (1962).

7. Indeed, as the United States Supreme Court made clear in 1985:

> In *Textile Workers* v. *Lincoln Mills*, 353 U.S. 448 (1957), the Court ruled that § 301 expresses a federal policy that the substantive law to apply in § 301 cases "is federal law, which the courts must fashion from the policy of our national labor laws." *Id.*, at 456. That seminal case understood § 301 as a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts.

*Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985).

8. As a result, a "suit in state court alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law." *Id.* at 210

(citing *Local 174, Teamsters*, 369 U.S. at 103-104).

9. Plaintiff's complaint undeniably alleges St. Vincent breached an "agreement" by refusing to pay it for services it performed as an arbitrator in a labor arbitration proceeding arising under the Parties' CBA or, alternatively, that payment is required because St. Vincent was unjustly enriched by those services.

10. The only "agreement" from which Plaintiff's contract or quasi-contractual claims can arise is the CBA, a labor contract between St. Vincent and MNA.

11. As such, Plaintiff's claims clearly involve questions for which the application of federal law is necessary to resolve. Indeed, the policies underpinning § 301 require that "the relationships created by [a collective-bargaining] agreement" be defined by application of "an evolving federal common law grounded in national labor policy." *Bowen v. United States Postal Service*, 459 U.S. 212, 224-225 (1983); *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 454 (1957) (suits for a violation of a collective bargaining agreement are governed solely by federal law); *Biagini v. Berkshire Concrete Corp*., 190 F. Supp. 2d 170, 173 (D. Mass. 2002) (The application of federal law is necessary to "preserve both the uniformity of the law as applied to collective bargaining agreements. . . .").

12. Indeed, § 301 does not just confer jurisdiction only over those suits between signatories to a labor contract; it extends jurisdiction to those disputes in which a labor contract is at issue. *Wooddell v. Int'l Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 101, 112 S. Ct. 494, 500 (1991) (individual union members, who are often the beneficiaries of provisions of collective-bargaining agreements, may bring suit on these contracts under § 301); *Teamsters Nat'l Auto. Transporters Indus. Negotiating Comm. v. Troha,* 328 F.3d 325, 330 (7th Cir. 2003) (extending § 301 preemption to suits to enforce arbitration subpoenas to non-signatories to effectuate and "apply

the reach of federal common law to ensure that such subpoenas do not go unenforced."); *Painting & Decorating Contractors Ass'n of Sacramento v. Painters & Decorators Joint Comm. of the E. Bay Ctys*., 707 F.2d 1067, 1071 (9th Cir. 1983) (Dispute with a non-signatory joint committee administering a [CBA] was preempted because § 301(a) "does not contain any requirement" that parties be signatories to the contract); *Conille v. Council 93, AFSCME*, 935 F.3d 1, 7-9 (1st Cir. 2019) (holding union members could sue for breach of contract of a union board under § 301(a)).

13. Moreover, state law claims sounding in contract or otherwise which necessarily involve the interpretation of a labor contract are likewise preempted by § 301 of the LMRA. *Local 174, Teamsters*, 369 U.S. at 103 (§ 301 preempts state law tort and contract causes of action and "calls for uniform [federal] law" to facilitate the negotiation of labor agreements and provide for resolution of disputes); *Flibotte v. Pa. Truck Lines*, 131 F.3d 21, 26 (1st Cir. 1997) (§ 301 preempts state law claims if the resolution "depends on the meaning of the [CBA]) (*quoting Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-6(1988));

14. To be sure:

> If the policies that animate § 301 are to be given their proper range, however, the pre-emptive effect of § 301 must extend beyond suits alleging contract violations. . . . Thus, questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

*Gibson v. AT & T Techs., Inc.*, 782 F.2d 686, 688 (7th Cir. 1986) (citing *Allis-Chalmers Corp. v. Lueck*, 105 S. Ct. 1904, 1911 (1985)); *Jackson v. Liquid Carbonic Corp*., 863 F.2d 111, 114, 128 (1st Cir. 1988) (citing *Allis-Chalmers Corp* 105 S. Ct. at 1911) (dispute over a drug testing policy was preempted by § 301).

15. Accordingly, Plaintiff's claims arise out of federal law and, therefore, may be removed to federal court under 28 U.S.C. § 1331.

16. This Notice of Removal is being filed in the United States District Court for the District within which the action is currently pending.

17. This Notice of Removal is filed within 30 days of service of Complaint in the State Court Action and is therefore timely under 28 U.S.C. § 1446(b).

18. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders on file are attached hereto as **Exhibit A**.

19. Pursuant to 28 U.S.C. § 1446(d), St. Vincent will promptly give Plaintiff written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Worcester District Court, Massachusetts.

WHEREFORE, having fulfilled all statutory requirements, St. Vincent removes the above-described action pending in the Worcester District Court, Massachusetts to the United States District Court for the District of Massachusetts, and requests that this Court assume full jurisdiction over the matter provided by law and permit this action to proceed before it as a matter properly removed thereto.

Respectfully submitted,

By: *<u>/s/ Johanna G. Zelman</u>*
Johanna G. Zelman
BBO No.: 716802
**FORDHARRISON LLP**
CityPlace II
185 Asylum Street, Suite 820
Hartford, CT 06103
Telephone: (860) 740-1361
Facsimile: (860) 578-2075
jzelman@fordharrison.com

David R. Anderson*
TX Bar No. 24128388
**FORDHARRISON LLP**
1601 Elm Street, Suite 4000
Dallas, TX 75201
Telephone: (214) 256-4711
Facsimile: (214) 256-4701
danderson@fordharrison.com

Gabriel Trujillo-Lederer*
D.C. Bar No. 90033842
MD Bar No. 2412051190
VA Bar No. 101116
**FORDHARRISON LLP**
2000 M Street NW, Suite 505
Washington, D.C. 20036
Telephone: (202) 719-2071
Facsimile: (202) 719-2077
gtrujillo-lederer@fordharrison.com

**ATTORNEYS FOR DEFENDANT**

* *Pro Hac Vice* admission forthcoming.

**CERTIFICATE OF SERVICE**

This is to certify that on this 5th day of October 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Carl Brugnoli, Esq.
Law Office of Carl Brugnoli
161 Granit Ave
Boston, MA 02124
Tel: 866-288-1902
BBO# 643430
carl@brugnolilaw.com

*Attorney for Plaintiff*

By: */s/ Johanna G. Zelman*
Johanna G. Zelman

# EXHIBIT A

**Commonwealth of Massachusetts**
**Worcester District Court**
225 Main Street
Worcester, MA 01608
(508) 831-2010

A TRUE COPY ATTEST
DEPUTY SHERIFF
9-14-2026

Loconto Abr,
PLAINTIFF(S),

CIVIL NO. 2662CV1257

v.

**SUMMONS**

St. Vincent Hospital
DEFENDANT(S)

THIS SUMMONS IS DIRECTED TO St. Vincent Hospital.
(Defendant's name)

1. **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Worcester Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to both the "Clerk's Office for Civil Business, Worcester District Court, 225 Main Street, Worcester, MA 01608" and to the individual below:

Carl Brugnoli Esq, at 1101 Granite Ave Boston Ma 02124
(name of Plaintiff or Plaintiff's attorney) (address)

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days.** Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear both sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. Steven D. Power, Acting First Justice on August 28, 2026.

(SEAL)

Brian D'Andrea
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

**RETURN OF SERVICE**
(for use by person making service)

On ____________, 20____, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

☐ Last and usual at (address)*

____________________________

____________________ (signature)

____________________ (name and title)

☐ In hand

____________________ (address)

☐ Other:

***Please place date you make service in this box and on copy served on defendant and return original to this Court:***

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, § 31).

Rev. 9/2015

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss

WORCESTER DISTRICT COURT
DOCKET NO.

LOCONTO ADR,
PLAINTIFF,
v.

ST. VINCENT HOSPITAL,
DEFENDANT.

COMPLAINT

Now comes the Plaintiff, Loconto ADR, by its attorney, Carl Brugnoli Esquire, complaining of the Defendant, St. Vincent Hospital, as follows:

## COUNT I. BREACH OF CONTRACT

1. The Plaintiff, Loconto ADR, is a duly organized Massachusetts company presently doing business at 1834 Centre Street, West Roxbury, Suffolk County, Massachusetts, 02132

2. The Defendant, St. Vincents Hospital is hospital presently doing business at 123 Summer St., Worcester, Worcester County, Massachusetts, 01608.

3. The Defendant received Alternative Dispute Resolution Services from the Plaintiff from January 24, 2025 to May 11, 2026.

4. The Defendant did not pay the amount due per the terms of the agreement.

5. Despite demand, the Defendant has refused and/or neglected to repay the total amount due.

6. The current balance due to the Plaintiff, including costs and interest minus all payments made totals $9,250.00.

## COUNT II. UNJUST ENRICHMENT

7. The Plaintiff hereby incorporates paragraphs one through six above into this count with the same force and effect.

8. By obtaining the services from the Plaintiff and not repaying them, the Defendant has been unjustly enriched at the expense of the Plaintiff.

WHEREFORE, the Plaintiff demands judgment against the Defendant in the sum of $9,250.00 together with interest, costs, and reasonable attorney's fees.

The Plaintiff by its attorney

Carl Brugnoli, Esq.
Law Office of Carl Brugnoli
161 Granite Ave
Boston, MA 02124
Tel: (866) 288-1902
BBO# 643430
carl@brugnolilaw.com

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss

WORCESTER DISTRICT COURT
DOCKET NO.

LOCONTO ADR,
PLAINTIFF,
v.

ST. VINCENT HOSPITAL,
DEFENDANT.

UNIFORM COUNSEL CERTIFICATION FOR CIVIL CASES

I, CARL BRUGNOLI, AM ATTORNEY OF RECORD FOR PLAINTIFF, LOCONTO ADR, IN THE ABOVE CAPTIONED MATTER.

IN ACCORDANCE WITH RULE 5 OF THE SUPREME JUDICIAL COURT RULES ON DISPUTE RESOLUTION (SJC RULE 1:18) WHICH STATES IN PART: "ATTORNEYS SHALL: PROVIDE THEIR CLIENTS WITH THIS INFORMATION ABOUT COURT-CONNECTED DISPUTE RESOLUTION SERVICES; DISCUSS WITH THEIR CLIENTS THE ADVANTAGES AND DISADVANTAGES OF THE VARIOUS METHODS OF DISPUTE RESOLUTION; AND CERTIFY THEIR COMPLIANCE WITH THIS REQUIREMENT ON THE CIVIL COVER SHEET OR ITS EQUIVALENT…" I HEREBY CERTIFY THAT I HAVE COMPLIED WITH THIS REQUIREMENT.

Carl Brugnoli, Esq.
Law Office of Carl Brugnoli
161 Granite Ave
Boston, MA 02124
Tel: (866) 288-1902
BBO# 643430
carl@brugnolilaw.com

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss

WORCESTER DISTRICT COURT
DOCKET NO.

LOCONTO ADR,
PLAINTIFF,
v.

ST. VINCENT HOSPITAL,
DEFENDANT.

STATEMENT OF DAMAGES

The Plaintiff in the above captioned action hereby asserts that the money damages sought by means of the Complaint to which this statement of damages in attached, amount of $9,250.00.

Signed: ____________________

Carl Brugnoli, Esq.
Law Office of Carl Brugnoli
161 Granite Ave
Boston, MA 02124
Tel: (866) 288-1902
BBO# 643430
carl@brugnolilaw.com

**STATEMENT OF DAMAGES**
**G.L. c. 218, § 19A(a)**

DOCKET NO.

**Trial Court of Massachusetts**

PLAINTIFF(s): Loconto ADR

DEFENDANT(s): St. Vincent Hospital

DATE FILED:

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

COURT DIVISION: Worcester District Court

| **TORT CLAIMS** | **AMOUNT** |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: | $ |
| 2. Total doctor expenses: | $ |
| 3. Total chiropractic expenses: | $ |
| 4. Total physical therapy expenses: | $ |
| 5. Total other expenses (*describe*) | $ |
| SUBTOTAL: | $ |
| B. Documented lost wages and compensation to date: | $ |
| C. Documented property damages to date: | $ |
| D. Reasonably anticipated future medical and hospital expenses: | $ |
| E. Reasonable anticipated lost wages: | $ |
| F. Other documented items of damage (*describe*): | $ |
| G. Brief description of Plaintiff's injury, including nature and extent of injury: | |
| For this form, disregard double or treble damage claims; indicate single damages only. TOTAL: | $ |

| **CONTRACT CLAIMS** | **AMOUNT** |
|---|---|
| ☐ **This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a)** | |
| Provide a detailed description of the claim(s): The Defendant did not pay for Alternative Dispute Resolution services from Plaintiff | $ |
| | $ |
| | $ |
| For this form, disregard double or treble damage claims; indicate single damages only. TOTAL: | $ 9,250.00 |

ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF)

SIGNATURE: [signature] DATE: 8/10/20

PRINT OR TYPE NAME: Carl Brugnoli, Esq.

Law Office of Carl Brugnoli B.B.O. #: 643430

ADDRESS: 161 Granite Ave. Boston MA 02124

DEFENDANT'S NAME AND ADDRESS:
St. Vincent Hospital
123 Summer Street
Worcester MA 01608

**CERTIFICATION PURSUANT TO SJC RULE 1:18:** I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney on Record:** [signature] Date: 8/10/2020